[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON OBJECTION TO MEDICAL EXAM
The defendant has filed a request for a physical examination of the plaintiff by a Dr. Bernstein of Branford, Connecticut. The CT Page 3793 plaintiff has filed an objection pursuant to Connecticut General Statutes § 52-178a and Practice Book § 229. Both the statute and the practice book state, in pertinent part, that a plaintiff shall not be compelled to undergo a physical examination by any physician to whom he objects in writing. The plaintiff has objected to Dr. Bernstein in writing.
Neither the statute nor the rules require anything further than a written objection. Neither requires the plaintiff to give any reason for his objection. However, some trial judges have interposed a requirement that the objection be reasonable. No appellate court has made a ruling on the subject.
While this court does not agree that the plaintiff's objection must be reasonable since neither the statute or the rule requires such finding, it nevertheless agrees that to require the plaintiff to go out of county or submit to an examination by a doctor that he perceives will not be fair and objective is not unreasonable.
Furthermore, the count disagrees that it is the plaintiff's burden to prove his objection is reasonable as claimed by the defendant. In the case of LeBlanc v. Cambo, 26 Conn. Sup. 338
(J. Mignone) (1966), the court reviewed the legislative history in great detail. From that discussion it is clear that the purpose of the statute was to permit plaintiffs to object to exams from doctors who customarily perform exams for insurance companies. There was testimony that certain insurance companies use one and the same doctor or perhaps two for medical exams in all cases and that these doctors tend to underestimate the nature and extent of the injuries. LeBlanc, supra, p. 339-40.
It is also noted in this decision that the original text of the bill, House Bill No. 3757 had the words "provided such objection is made in good faith." LeBlanc, p. 340. There are no such words in the statute as it was finally passed. This court would interpret this omission as suggesting that the legislature did not intend to put any restrictions on the party's absolute right to object to a particular doctor. Judge Mignone found otherwise and took the position that the statute is not mandatory and requires the plaintiff to carry the burden of proof to show why the statute should be invoked. Absent any appellate court discussion, this court respectfully disagrees with Judge Mignone, relying on the fact that the legislature removed the requirement of "good faith" in the final version of the statute. That must CT Page 3794 clearly mean there is no requirement for the plaintiff to justify his objection.
Trial court decisions have held that it is reasonable to object to an exam if the request requires the plaintiff to go out of his resident county. Shepard-Gotch v. Chioccola,
6 Conn. L. Rptr. No. 13, p. 371 (J. Hendel); Rosenfield v. Milner's Café,1993 Ct. Sup. 10497, p. 10503 (J. Corradino).
The plaintiff also objects to this doctor because he has reason to believe that the doctor and his orthopedic group have for many years done examinations at the request of insurance companies and have derived a substantial income from insurance companies. He also has reason to believe that the doctor has consistently disagreed with the diagnoses and impairment ratings of treating doctors and has disagreed as to the causation of the injuries. He, therefore, has no confidence that an examination and report from such a doctor would be fair and objective.
Case law has consistently upheld an objection on this basis.
 ". . . It is not unreasonable . . . for a plaintiff to object [to a doctor suggested by the defendant] because the doctor devotes a large portion of his or her practice to examining plaintiffs for insurance companies . . . The legislative history of § 52-178a . . . suggests other possible `good faith' reasons — plaintiff's counsel's prior past experience or relationship with a particular physician or the experience of others . . ." Rosenfield, supra, p. 10503. See also, Fabozzi v. National Railroad Passenger Corp., 14 CLT 48, 899, 890, (J. Coradino) 1988; Gotch, supra, p. 372.
The above cases also note that the plaintiff submitted the names of several qualified doctors in the county of the plaintiff's residence. They also note that the very purpose of the statute was to prevent so called insurance company doctors from underestimating the nature and extent of the injuries.Fabozzi, supra, p. 900.
Without citing any other cases, the defendant had made several arguments which the court must reject. He claims, for example, that the defendant should have the absolute right to chose a doctor to do the exam. It was to prevent this very act, choosing a doctor known to be favorable to the defendant, that the statute was passed. He also claims that limiting the CT Page 3795 defendant to a doctor in the same county as the plaintiff's residence prevents his ability to get a fair examination. The plaintiff has submitted a list of fourteen doctors in New London County who are qualified to perform the exam in this case. The defendant's suggestion that they will not be objective because they may know each other and will have a reluctance to disagree with other physicians they may see on a daily basis suggests unfairly a lack of integrity of all the doctors named. This court will not make such an unwarranted assumption.
The defendant claims that Dr. Bernstein does only two IME's per week. That comes to 112 per year a not insignificant amount. He also contends that since the plaintiff's injury is bilateral carpel tunnel syndrome, that Dr. Bernstein a board certified orthopedic surgeon with a certificate for added qualification in hand surgery, is appropriate to do the exam. On the other hand, there is no claim that the treating doctors were board certified in hand surgery. Carpel Tunnel Syndrome is a wrist rather than a hand injury. The plaintiff's brief refers to them as orthopedic surgeons and neurologists. Furthermore, Dr. Joseph Zeppieri and Dr. William Wainright are both board certified in hand surgery.
The defendant's claim that the counsel for the plaintiff should be required to disclose the specific credentials of the doctors, any relationship between the doctors on the list and the plaintiff, his counsel and his relatives is completely beyond the requirement of reasonableness.
The objection to the defendant's request for a physical examination by Dr. Bernstein is sustained.
D. Michael Hurley Judge Trial Referee